RAWLS, Judge.
Appellants, Florida Peach Corporation and Robert Lurie (defendants below), appeal an adverse summary final judgment favoring a former stockholder, Mrs. Josephine Barron.
The appellants’ primary contention is that they presented a material issue of fact which was erroneously resolved by the trial judge in favor of appellee, and thus a final summary judgment should not have been entered. They also contend that the court erred in entering the judgment against defendant Lurie personally.
The facts surrounding this case are as follows: The Florida Peach Corporation is an agricultural cooperative marketing association. In 1968, the appellee, Josephine Barron, was the owner of some 8,000 shares of stock in the association. Part of these shares she purchased directly from Robert Lurie, the association’s president, and part from another source. During the same period of time George H. Lackner was also a stockholder in the association. Mr. Lackner bought his stock through a magazine advertisement and asserted in his application that he was a Florida resident. Lackner, by affidavit, now asserts that he is presently, and always has been, a legal resident of the State of Ohio where he pays taxes, votes, and registers his car.
Mrs. Barron is seeking a return of the purchase price paid for her stock under F.S. § 517.21, F.S.A., which provides that “Every sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser” because neither the association’s securities nor its salesmen were registered at the time of the sale. (Required by F.S. §§ 517.07 and 517.12, F.S.A.) Florida Peach claims a statutory exemption from registration under F.S. § 517.05(10), F.S.A., because it is an agricultural cooperative. Mrs. Barron counters that the association was not exempt from registration because all of the association’s stockholders were not bona fide legal residents of Florida [required by 1967 F.S. § 517.05(10) F.S. A., but not required by 1969 Statutes]— i. e., one Mr. George Lackner.
The trial court was confronted with two written instruments executed by Lack- *69 ner. As referred to above, the first instrument was an application to purchase stock which had been executed by Lack-ner, stating that the applicant desired to purchase stock in Florida Peach, and that his permanent mailing address was: S. E. 19th Avenue, Bel Air, Pompano Beach, Florida 33062. This instrument contained the following clause:
“IT IS HEREBY WARRANTED by the undersigned that he (and/or the individual in line (1) above) is a bona fide resident of the State of Florida and should it be determined that at the time of this application same was not true, this subscription shall be null and void. The undersigned further acknowledges receipt of attached Prospectus, and acknowledges that these securities are not purchased for the purpose of resale to non-residents of Florida.
/s/ Geo. H. Lackner
(Signature of Applicant)”
During the trial Lackner’s affidavit was introduced stating that he owned and occupied a home at the above Florida address during the winter months of each year; however, he was and had been for many years a legal resident of the State of Ohio.
The affidavit of Lackner should have been stricken by the trial judge. A witness cannot induce an action of another party by representing one set of facts, and subsequently refute such facts by the execution of a contrary affidavit. Extensive argument was had as to the absence of the word “legal” preceding the word “resident” in Lackner’s application for stock. The absence of the word “legal” does not constitute a fatal deficiency. As used herein, the normal and ordinary meaning of “bona fide resident” is equivalent to “legal resident.”
Reversed and remanded for further proceedings not inconsistent with this opinion.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.